NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CARDIFF MELBOURNE WALKER, *Appellant.*

No. 1 CA-CR 16-0801
FILED 12-6-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-126221-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**T H U M M A**, Chief Judge:

¶1       This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Cardiff Melbourne Walker has advised the court that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Walker was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the entire record and finds no reversible error. Accordingly, the convictions and resulting probation grants are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2       Early one morning in November 2010, a Phoenix Police officer heard a black Mercedes Benz squealing its tires and speeding away near Seventh Street and McDowell Road. After a high-speed chase, the officer was able to stop the car; Walker was the driver and only occupant of the car. Walker, who smelled of alcohol, admitted to drinking two beers, that he did not have an Arizona driver's license and that his Illinois driver's license was suspended. Field sobriety tests indicated Walker was impaired, and the officer arrested him for driving while intoxicated. Walker agreed to submit to a blood test. A blood draw taken less than two hours after the stop revealed a blood alcohol concentration of 0.138. The State charged Walker with two Class 4 felonies for aggravated driving while intoxicated with a suspended license: (1) while under the influence of intoxicating liquor and (2) with a blood alcohol concentration of 0.08 or more.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

¶3        The State initially proceeded by a direct complaint and summons. Walker, however, failed to appear and was on warrant status for many months. After he was apprehended, the State proceeded by a supervening Indictment. Walker then failed to appear at other hearings and was on warrant status until he was apprehended in October 2015. A three-day jury trial held in February 2016, with Walker again on warrant status and not present, resulted in guilty verdicts on both counts, after an unsuccessful motion for judgment of acquittal. After Walker was apprehended, the court imposed concurrent four-year probation grants after he served four months in prison, with no presentence incarceration credit. This court has jurisdiction over Walker's timely appeal pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2018).[2]

**DISCUSSION**

¶4        This court has reviewed and considered defense counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal); *Leon*, 104 Ariz. at 300. The record indicates all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure; Walker was represented by counsel at all stages of the proceedings and the jury was properly instructed.

---

[2] While this appeal was pending, Walker's probation officer filed a petition to revoke his probation, alleging Walker last reported in early March 2017 and had absconded. Walker apparently has not been apprehended and that petition to revoke and corresponding arrest warrant remain pending.

**CONCLUSION**

**¶5**  From the court's review, the record reveals no reversible error. Accordingly, Walker's convictions and resulting sentences are affirmed.

**¶6**  Upon filing of this decision, defense counsel is directed to inform Walker of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 585 (1984). Walker shall have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA